IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03038-GPG-CYC

CYRUS RAJABI,

Plaintiff,

v.

JONES & KELLER, P.C., a Colorado Professional Corporation;
CHARLES E. WERN, ESQ., individually;
DONALD LAIRD BLUE, ESQ., individually;
ADAM FOGOROS, ESQ., individually;
EDWARD T. LYONS, JR., ESQ., individually; and
LAWRENCE L. LEE, ESQ., individually;

Defendants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Defendant Jones & Keller, P.C. ("J&K") terminated plaintiff Cyrus Rajabi. His complaint against his former law firm and several of its attorneys is, unsurprisingly, acrimonious. The defendants move to strike some of its more accusatory allegations. ECF No. 40. But a motion to strike generally requires that the allegations at issue "have no bearing on the controversy" and prejudice the moving party. *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001). Because the allegations here do not go that far, the motion is denied.

In the second amended complaint, the plaintiff alleges that after he sustained serious injuries, J&K denied him appropriate disability accommodations and subjected him to a series of adverse employment actions, including eventual termination. ECF No. 36 ¶ 1. He says that his attempts to hold the firm accountable for prior wrongdoing motivated these actions, at least in part, along with racial and national origin discrimination against his Middle Eastern heritage. *Id.*

The complaint, filed February 13, 2026, asserts thirty claims including, as relevant here, Americans with Disabilities Act ("ADA") retaliation, racial and national-origin discrimination, Title VII retaliation, wrongful termination in violation of public policy, breach of fiduciary duty, and defamation per se. *See* ECF No. 36 (Counts 2, 4, 7, 11, 12, and 28). This motion followed, ECF No. 40, and the district judge referred the motion to the undersigned. ECF No. 41.

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Because "[t]he purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case," *Millennium Funding, Inc. v. Priv. Internet Access, Inc.*, No. 21-cv-01261-NYW-SKC, 2022 WL 7560395, at *3 (D. Colo. Oct. 13, 2022) (quotation marks omitted), only allegations with "no essential or important relationship to the claim for relief or the defenses being pleaded" are "immaterial." 5C Wright & Miller's Federal Practice & Procedure § 1382 (3d ed. 2026). "Scandalous" allegations "improperly cast[] a derogatory light on someone, most typically on a party to the action." *Id.* A Rule 12(f) movant's "burden of proof is a heavy one," *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008), and a motion to strike will not be granted simply because "the matter offends the sensibilities of the objecting party" so long as "the challenged allegations describe acts or events that are relevant to the action." 5C Wright & Miller § 1382; *see Glaser v. Jordan*, No. 09-cv-01758-REB-MJW, 2010 WL 1268151, at *2 (D. Colo. Mar. 30, 2010).

Addressing a Rule 12(f) motion does not rule on the merits of the claims. Instead, a court merely evaluates the connection between the challenged allegations and the claims in the complaint. *See id.* Rule 12(f) motions "should be denied" when "there is any doubt as to whether under any circumstance an allegation may raise an issue," *Stubbs v. McDonald's Corp.*, 224

F.R.D. 668, 676 (D. Kan. 2004) (quotation marks omitted), and "will only be granted under the rarest of circumstances." *Robledo-Valdez v. Colo. Dep't of Corrs.*, No. 20-cv-00247-WJM-NRN, 2020 WL 13840761, at *2 (D. Colo. Aug. 26, 2020). Because Rule 12(f) provides that courts "may" strike allegations meeting its standards, courts retain discretion to decline to strike even immaterial or scandalous allegations. *See* Fed. R. Civ. P. 12(f). The defendants protest a series of allegations, but each has at least an arguable tie to an asserted claim.

They begin, for instance, by moving to strike paragraphs detailing J&K's response to the plaintiff's request for disability accommodations. *See* ECF No. 40 at 9–10; ECF No. 36 ¶¶ 11, 23–24, 81. These include allegations that a J&K attorney "disclose[d] his own stints in a psychiatric hospital" to bolster accusations that the plaintiff was unfit to practice law. ECF No. 36 ¶¶ 24, 81. But the plaintiff says that these accusations, delivered in response to requests for disability accommodations, chilled his ability to make such requests and raised a fear of termination for doing so. *See id.* ¶ 11. Such allegations, then, may relate to the plaintiff's assertion that the defendants retaliated against him for his disability accommodation requests. *See id.* ¶ 151. That counsels against striking them. The plaintiff also contends that these statements are "accusations that someone is not fit to do their profession," relating to his defamation per se count (Count 28). *Id.* ¶ 23. That provides another reason not to strike them.

Other challenged allegations could relate to the plaintiff's discrimination theory. Two paragraphs allege a disparity of discipline between J&K employees of color and their white counterparts. *See id.* ¶¶ 62, 87. Two more allege ways in which J&K "enable[d] bias" and "selective enforcement" within the workplace. *Id.* ¶¶ 92, 94. These paragraphs arguably relate to the plaintiff's claim for race and national-origin discrimination under Title VII as circumstances giving rise to an inference of discrimination. *See id.* ¶¶ 16, 160.

Still others may relate to the plaintiff's claim of retaliation for reporting misconduct. The complaint, for example, presents a broad overview of the plaintiff's speaking out against sex-based harassment and misconduct, such as being labeled the "resident hall monitor" for speaking up against "jokes about pedophilia [and] minimizing and joking about violence against women." *Id.* ¶ 12; *see id.* ¶¶ 7, 13. The complaint also details instances of sexual harassment, jokes about sexual violence, and the defendants' actions retaliating against the plaintiff's objections to this conduct. *See id.* ¶¶ 68, 69, 70, 71, 88, 89. And the heading "Sexual-Misconduct-Related Opposition; Retaliatory Animus" that the defendants seek to strike simply summarizes these allegations. Because Count 7 invokes 42 U.S.C. § 2000e-3(a), which prohibits taking adverse employment action on the basis of an employee's opposition to "any practice made an unlawful employment practice by this subchapter," including employer discrimination based on "sex," 42 U.S.C. § 2000e-2(a), it is difficult to say that there is no relationship between these allegations and the complaint's claims. This is not, for instance, a property-theft case with "wholly unrelated" allegations of drug abuse by the defendant's son, *see Glaser*, 2010 WL 1268151, at *2, or a wage-claim case needlessly alleging employee assault, gender discrimination, and unrelated questionable business practices, *see McPherson v. Bachus & Schanker, LLC*, No. 10-cv-01768-CMA-KMT, 2011 WL 2415003, at *2 (D. Colo. June 10, 2011). The Court therefore need not strike these allegations.

Some of the challenged allegations are also arguably relevant to the plaintiff's claim of wrongful termination in violation of public policy. These allege that the plaintiff reported various "malpractice-level risks," "fraudulent/improper billing," improper trial behaviors, and "coercive" and discriminatory behavior. ECF No. 36 ¶¶ 93, 109, 113–114, 141. A Colorado claim of wrongful termination in violation of public policy is "variously described as an action that

involves a matter that affects society at large rather than a purely personal or proprietary interest of the plaintiff or employer." *Crawford Rehab. Servs., Inc. v. Weissman*, 938 P.2d 540, 552 (Colo. 1997). Termination for reporting financial fraud, coercion, malpractice, discrimination, and other forms of misconduct potentially impacts "society at large." *Crawford*, 938 P.2d at 552. Accordingly, the Court cannot strike these allegations, as accusatory as they might be.

Finally, the complaint alleges that a J&K attorney deliberately withheld required information to obtain a more favorable insurance policy. ECF No. 36 ¶ 102. This arguably relates to the plaintiff's claim for breach of fiduciary duty, which alleges, among other things, that "insurer-renewal concealment" gave rise to that breach. *Id.* ¶ 192. As such, while the claim may ultimately be insufficient, striking this paragraph may improperly cut material from the claim. The complaint's heading "Insurer-Renewal Material Information Concealment" may relate to this claim for the same reason.

The short of it is that while the challenged allegations are accusatory and paint J&K in a bad light, the Court cannot say that that is the only reason for their inclusion. Striking the allegations, then, is too drastic a step.

For the foregoing reasons, the Defendants' Motion to Strike Immaterial and Scandalous Allegations in Plaintiff's Second Amended and Restated Complaint, ECF No. 40, is **DENIED**.

Entered this 23rd day of September, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge